IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EASTERN SAVINGS BANK,    :
                         :
        Plaintiff,       :
                         :
     v.                  :  Civil Action No. 04-347 JJF
                         :
CAROLINE P. AYERS-FOUNTAIN,  :
                         :
        Defendant.       :

John R. Weaver, Jr., Esquire, FARR, BURKE, GAMBACORTA & WRIGHT, Wilmington, Delaware.
Attorney for Plaintiff.

Caroline P. Ayres-Fountain, Hockessin, Delaware.
Pro Se Defendant.

**MEMORANDUM OPINION**

March 31, 2005
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is Plaintiff's Motion To Remand Matter To The Superior Court Of Delaware In And For New Castle County (D.I. 5). For the reasons discussed, Plaintiff's Motion will be granted.

## I. Background

On February 12, 2002, Plaintiff initiated a foreclosure action against Defendant in the Superior Court of the State of Delaware. On May 28, 2004, Defendant filed a Notice of Removal (D.I. 1) with the Court.

## II. Parties' Contentions

By its motion, Plaintiff contends that the Court must remand this action to the Superior Court of Delaware because, inter alia, the Court lacks original jurisdiction. In response, Defendant contends that the court has federal subject matter jurisdiction because Plaintiff is a federally chartered bank.

## III. Discussion

To remove a civil action from state court to federal court, a district court must have original jurisdiction. See 28 U.S.C. § 1441(a). In this case, Defendant contends that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Federal courts have federal question jurisdiction over "cases in which a well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial

question of federal law." <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 27-28 (1983).

    The Court has considered the issues presented and the arguments of the parties and concludes that it lacks subject matter jurisdiction over the instant action. Plaintiff's one-count Complaint seeks the foreclosure of a mortgage under Delaware state law. The Court has reviewed the allegations of Plaintiff's Complaint and concludes that all of Plaintiff's allegations are based on state law, and further, the pleadings do not involve a federal question or arise under the Constitution or statutes of the United States.

    Additionally, the Plaintiff raises what appears to be a credible ground for remand arguing that Defendant's removal of the state action was untimely . However, because the Court has concluded that no federal jurisdiction exists supporting removal, Plaintiff's timeliness contention need not be decided.

    An appropriate Order will be entered.