IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EASTERN SAVINGS BANK, a Federal Savings Bank, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLINE P. AYRES-FOUNTAIN, )<br>) | Civil Action No. 04-347(JJF) |

**RESPONSIVE BRIEF OF EASTERN SAVINGS BANK, A FEDERAL SAVINGS BANK, TO APPELLANT'S MOTION TO STAY ALL STATE COURT PROCEEDINGS OR, IN THE ALTERNATIVE, MOTION TO GRANT INJUNCTIVE RELIEF REQUESTED IN CIVIL ACTION 04-347-JJF**

FARR, BURKE, GAMBACORTA & WRIGHT
A Professional Corporation
914 Walnut Street
Wilmington, Delaware 19899
Telephone: (302) 428-1077
Attorneys for Plaintiff-Appellee Eastern Savings Bank, a Federal Savings Bank

On the Brief:
John R. Weaver, Jr., Esquire
Laura M. Egerman, Esquire

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................. ii

TABLE OF AUTHORITIES............................................................................................ iii

STATEMENT OF FACTS............................................................................................... 1

PROCEDURAL HISTORY.............................................................................................. 1

LEGAL ARGUMENT
     Summary............................................................................................................... 3

     Introduction........................................................................................................... 3

     Point I: The District Court does not have jurisdiction to entertain Appellant's Motion now that Appellant has filed an appeal with the United States Court of Appeals for the Third Circuit............................................................................ 3

     Point II: Even if this Court finds that it retains jurisdiction to consider the instant motion, Appellant cannot satisfy the four requirements for imposition of a stay pending appeal pursuant to F.R.C.P. 62................................................................ 4

CONCLUSION................................................................................................................ 12

# TABLE OF AUTHORITIES

**United States Supreme Court Cases**
*Griggs v. Provident Consumer Co.*, 459 U.S. 56, 103 S.Ct. 400,
74 L.Ed.2d 225 (1982)............................................................................................ 3
*Hilton v. Braunskill*, 481 U.S. 770, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)............... 4
*Thermatron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d
542 (1976)........................................................................................................... 5, 6, 7
*Employers Reinsurance Corp. v. Bryant*, 299 U.S. 374, 380, 57 S.Ct. 273, 276,
81 L.Ed. 289 (1937)............................................................................................... 6
*Gravitt v. Southwestern Bell Telephone Company*, 430 U.S. 723, 97 S.Ct. 1439 (1977). 6

**Third Circuit Cases**
*In re. Peregrine*, 312 B.R. 755 (D.Del.2004)............................................................. 3
*Iron Mountain Corp. v. AWC Liquidation Corp. (In re. AWC Corp.)*,
292 B.R. 239 (D.Del.2003)..................................................................................... 3
*Republic of Philippines v. Westinghouse Electric Corp.*, 949 F.2d 653 (3d.Cir.1991)..... 4
*Boise Cascade Corporation v. FTC*, 498 F.Supp. 782 (D.Del.1980)........................... 4
*Evans v. Buchanan*, 435 F.Supp.832, 841-842 (D.Del.1977).................................... 4
*Morgan v. Polaroid Corporation (In re. Polaroid)*, 2004 WL 253477
(D.Del. 2004)....................................................................................................... 5, 7, 8
*In re. TMI Litigation Cases Consolidated*, 940 F.2d 832 (3d.Cir.1991)...................... 6
*Liberty Mutual Insurance Company v. Ward Trucking Corp.* 48 F.3d 742
(3d.Cir.1995)......................................................................................................... 7, 8
*In re The Columbia Gas Sys., Inc.*, 1992 U.S.Dist. LEXIS 3253 at *4 (D.Del.)............ 8

**Fifth Circuit Cases**
*In re. Transtexas Gas Corporation*, 303 F.3d 571, 578-79 (5th.Cir.2002) ................ 3
*Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir.), cert denied,
502 U.S. 963, 112 S.Ct. 430, 116 L.Ed.2d 449 (1991)........................................... 7

**Ninth Circuit Cases**
*Pelleport Investors, Inc. v. Budco Quality Theaters, Inc.*, 741 F.2d 273 (9th.Cir.1984)... 7
*The Clorox Co. v. United States District Court*, 756 F.2d 699 (9th.Cir.), *reversed on
rehearing* 779 F.2d 517 (9th.Cir.1985)................................................................. 7

**Delaware State Cases**
*Kirpat, Inc. v. Delaware Alcoholic Beverage Control Commission*, 741 A.2d
356 (Del.1998)...................................................................................................... 4

**United States Code**
28 U.S.C. §1447(c)................................................................................................ 5, 6, 9
28 U.S.C. §1447(d)................................................................................................ 5, 6, 7, 8, 9

**Federal Rules of Civil Procedure**
Rule 62.................................................................................................................. 4

Plaintiff Eastern Savings Bank, a Federal Savings Bank ("Eastern"), by and through its counsel, Farr, Burke, Gambacorta & Wright, a Professional Corporation, hereby responds to the Defendant's Motion to Stay All State Court Proceedings or, in the Alternative, Motion to Grant Injunctive Relief Requested in Civil Action Number 04-347-JJF, and says:

## STATEMENT OF FACTS

On or about August 31, 2001, defendant Caroline P. Ayres-Fountain ("Ayres") executed a Note (the "Note") in the principal sum of $217,750.00 in favor of plaintiff Eastern Savings Bank, FSB ("Eastern"). The Note was secured by a Mortgage (the "Mortgage") of even date upon Ayres' real property located at 1 Gwynedd Lane, Hockessin, New Castle County, Delaware and at 217 North Broom Street, Wilmington, New Castle County, Delaware. The Mortgage was recorded in the Office of the New Castle County Recorder on September 12, 2001 as Instrument Number 200109120075022.

Ayres defaulted under the terms of the Note and Mortgage, having failed to make the first monthly mortgage payment and all subsequent mortgage payments when due. Eastern initiated a foreclosure action in the Superior Court of the State of Delaware in and for New Castle County on February 12, 2002, as Civil Action No. 02L-02-040 WCC (the "Foreclosure Action").

## PROCEDURAL HISTORY

As noted above, Ayres defaulted under the terms of the Note and Mortgage. As a result, Eastern commenced a foreclosure action. Ayres was personally served with the Complaint on February 26, 2002, and on or about March 14, 2002, Ayres filed an Answer

1

y
z

(the "Answer") and an Affidavit of Defendant Pursuant to Del. C. Section 3801(a) (PA 35a). In her Affidavit, Ayres raises as a defense the alleged breach of contract by Eastern that she believed rose to the level of TILA violations.

The Foreclosure Action ultimately resulted in summary judgment being entered on May 5, 2004 in favor of Eastern and against Ayres. On May 14, 2004, Ayres files a Motion for Enlargement of Time and a Motion for Relief or to Amend or Alter Judgment. Eastern filed its response to the Motions on May 21, 2004. Judge Carpenter denied the Motions by Order entered on May 26, 2004.

Ayres filed the Notice of Removal to the United States District Court for the District of Delaware on June 1, 2004. Eastern filed a motion for remand on July 21, 2004 [Docket No. 5]. Thereafter, Ayres filed opposition to the Motion for Remand, as well as a litany of other irrelevant motions seeking to strike various aspects of the record. On March 31, 2005, this Court granted Eastern's Motion to Remand [Docket No. 28]. Ayres has now filed an appeal to the Third Circuit Court of Appeals (Case No. 05-2419) as well as a Writ of Mandamus (Case No. 05-2410). The instant motion [Docket No. 32] seeks to stay the enforcement of the remand order pending appeal. Eastern respectfully requests that the motion to stay be denied.

## LEGAL ARGUMENT

Eastern opposes any effort by Ayres to stay enforcement of the remand order pending appeal. Eastern asserts that no basis exists to grant the motion.

I. **The District Court does not have jurisdiction to entertain Appellant's Motion now that Appellant has filed an appeal with the United States Court of Appeals for the Third Circuit.**

Appellant seeks an Order from this Court staying enforcement of its order remanding this matter to the Superior Court of Delaware in and for New Castle County. Eastern submits, however, that this Court no longer retains jurisdiction over this case because Appellant has filed an Appeal to the United States Court of Appeals for the Third Circuit.

"It is a fundamental tenet of federal civil procedure that – subject to certain defined exceptions – the filing of a notice of appeal from the final judgment of a trial court divests the trial court of jurisdiction and confers jurisdiction upon the appellate court." *In re. Transtexas Gas Corporation*, 303 F.3d 571, 578-79 (5th.Cir.2002) citing *Griggs v. Provident Consumer Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). This District has held similarly. See *In re. Peregrine*, 312 B.R. 755 (D.Del.2004); and also *Iron Mountain Corp. v. AWC Liquidation Corp. (In re. AWC Corp.)*, 292 B.R. 239 (D.Del.2003). While this interpretation is the minority view among the Circuit Courts it nevertheless is the precedent in this Circuit.

Ayres filed her Notice of Appeal to the United States Court of Appeals for the Third Circuit on April 29, 2005 [Docket No. 31]. Simultaneously, she filed a Motion for Writ of Mandamus with the United States Court of Appeals for the Third Circuit. While Ayres attempts to forestall the inevitable foreclosure of her home, Ayres Motion for Stay Pending Appeal is not properly before the Court. By filing an appeal, Ayres has

extinguished any right she had to have this court grant her a stay pending appeal. Eastern submits that the Motion to Stay Pending Appeal must be denied for lack of jurisdiction.

II. **Even if this Court finds that it retains jurisdiction to consider the instant motion, Appellant cannot satisfy the four requirements for imposition of a stay pending appeal pursuant to F.R.C.P. 62.**

Assuming, arguendo, that this Court has jurisdiction to entertain the instant Motion, Eastern submits that the Motion must be denied because Appellant does not present facts sufficient to satisfy the four requirements under F.R.C.P. 62 for obtaining a stay of proceedings pending appeal.

There are four (4) factors that must be considered by the District Court when considering a motion for stay pending appeal. These factors are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Republic of Philippines v. Westinghouse Electric Corp.*, 949 F.2d 653, 658 (3d.Cir.1991), citing *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987); *see also Boise Cascade Corporation v. Federal Trade Commission*, 498 F.Supp. 782 (D.Del.1980)[1]; *Kirpat, Inc. v. Delaware Alcoholic Beverage Control Commission*, 741 A.2d 356 (Del.1998)[2]. Each factor must be

---

[1] The District Court in *Boise Cascade Corp. v. FTC* applied a three(3) prong test for the entry of an order for stay pending appeal. "Granting such a stay is appropriate where: a) there is an immediate threat of irreparable harm to the movant; b) the appeal raises substantial questions or law; and c) the interests of the other parties will not be significantly harmed by grant of a stay." *Boise Cascade Corp. v. FTC*, 498 F.2d 782, 783 (D.Del.1980).

[2] In *Kirpat*, the Supreme Court of Delaware applied the 4-prong test to its review of the motion for stay pending appeal set forth in *Evans v. Buchanan*, 435 F.Supp.832, 841-842 (D.Del.1977). At issue in *Kirpat* was the revocation of Kirpat's liquor license for alleged violations of 4 Del.C.§708(a)(1), the Delaware Liquor Control Act. The Superior Court Judge denied Kirpat's motion for stay pending appeal finding that

4

considered in light of the facts of each particular case. *Id.* "If a party fails to establish one of the four prongs, a court may deny the requested stay." *Morgan v. Polaroid Corporation (In re. Polaroid)*, 2004 WL 253477 (D.Del. 2004).

(a)   *Appellant has no likelihood of success on appeal.*

Appellant seeks review of the Order entered by this court remanding this matter to the Superior Court of Delaware in and for New Castle County. Eastern submits that there is no likelihood that Appellant will succeed on appeal because the order of remand cannot be reviewed pursuant to 28 U.S.C. §1447(c) and (d).

In *Thermatron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), the Supreme Court was asked to consider whether the remand provisions of 28 U.S.C. §1447(d) bars review of a case that was properly removed and was remanded on grounds not authorized by 28 U.S.C. §1447(c). Specifically, the District Court had remanded the matter because the district court docket was overcrowded.

Before analyzing the situation before it, Justice White, writing for the majority, presented a detailed and thorough clarification of the interrelationship between 28 U.S.C. §1447(c) and (d), and wrote further "It is unquestioned... this section [28 U.S.C. §1447(d)] prohibits review of all remand orders issues pursuant to §1447(c) whether erroneous or not and whether review is sought by appeal or extraordinary writ. This has been the established rule under §1447(d) and its predecessors stretching back to 1887... If a trial judge purports to remand a case on the ground that it was removed 'improvidently and without jurisdiction,' his order is not subject to challenge in the court

---

Kirpat did not show a substantial likelihood of success on appeal. In reversing, the Supreme Court held that all four factors must be considered before the Court should deny a motion for stay pending appeal.

5

of appeals by appeal, mandamus, or otherwise." *Thermatron, supra* at 343 (internal citations omitted).

While the Supreme Court concluded that the district court had overstepped its authority by remanding the matter simply because the docket is overcrowded, the opinion provides a lengthy discussion of the interplay between subsections (c) and (d) of §1447, noting "[these] provisions, like their predecessors, 'are in *pari matreria* (and) are to be construed accordingly rather than as distinct enactments." *Thermatron*, 423 U.S. at 345-346, citing *Employers Reinsurance Corp. v. Bryant*, 299 U.S. 374, 380, 57 S.Ct. 273, 276, 81 L.Ed. 289 (1937). "This means that only remand orders issued under §1447(c) and invoking the grounds specified therein that removal was improvident and without jurisdiction are immune from review under §1447(d). Id.   See also *Gravitt v. Southwestern Bell Telephone Company*, 430 U.S. 723, 97 S.Ct. 1439 (1977).

This District, has also had occasion to consider the inter-relationship between §1447(c) and §1447(d). In the opinion for *In re. TMI Litigation Cases Consolidated*, 940 F.2d 832 (3d.Cir.1991), Justice Mansmann set out a detailed and thorough review of the appropriate analysis under 28 U.S.C. §1447(c) and (d). The issue presented in the *TMI* cases was the appropriateness of the District Court's order remanding certain actions for personal injuries stemming from the accident at Three Mile Island back to state court because the District Court concluded that the Price-Anderson Amendments Act was unconstitutional, rendering the District Court without jurisdiction to hear the cases.

In *TMI*, the Court of Appeals considered, in a matter of first impression in this Circuit, the propriety of applying either the doctrine set forth in *Thermatron, supra*, or the

*Pelleport/Clorox* doctrine[3]. The court concluded that the District Court, in holding the Act unconstitutional, had overstepped the bounds of its authority. It further concluded that while the decision of the District Court was, on its face, a jurisdictional one, it was actually premised on a substantive determination that the Act was unconstitutional. Accordingly, the Appellate Division held that it had jurisdiction to review the remand order.

In *Liberty Mutual Insurance Company v. Ward Trucking Corp.* 48 F.3d 742 (3d.Cir.1995), the Court of Appeals was asked to consider the propriety of the District Court's remand of a matter to the Court of Common Pleas after making a determination that the removing party had failed to establish that the amount in controversy met the standards for diversity jurisdiction. The Court of Appeals, relying on *Thermatron, supra*, concluded that the determination by the District Court that the amount in controversy was not met was a jurisdictional determination. *Liberty Mutual, supra* at 747, citing *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir.), cert denied, 502 U.S. 963, 112 S.Ct. 430, 116 L.Ed.2d 449 (1991). Accordingly, the Court of Appeals did not have the authority to review the remand order under 28 U.S.C. §1447(d).

In *Morgan v. Polaroid Corporation*, 2004 WL 253477 (D.Del.2004), this Honorable Court denied an application for stay pending appeal filed by the Appellant Morgan because there was no evidence that Appellant would be successful on appeal. While Appellant contended that the court should stay the implementation of Polaroid's

---

[3] The *Pelleport/Clorox Doctrine* was created by the Ninth Circuit Court of Appeals from its decisions in two (2) cases– *Pelleport Investors, Inc. v. Budco Quality Theaters, Inc.*, 741 F.2d 273 (9th.Cir.1984) and *The Clorox Co. v. United States District Court*, 756 F.2d 699 (9th.Cir., rev'd on reh'g, 779 F.2d 517 (9th.Cir.1985). The doctrine holds that where a remand order is based on a resolution of the merits of some matter of substantive law separate from any jurisdictional determination, 28 U.S.C. §1447(d) does not preclude Appellate review of that decision. Accordingly, only where substantive and procedural issues can

confirmed plan of reorganization because it was not in the best interests of the Polaroid shareholders, the court concluded that he had not demonstrated a likelihood of success on appeal. "Likelihood of success on the merits means that a movant has a 'substantial case,' or a strong case on appeal." *Morgan*, supra at *1, *citing In re The Columbia Gas Sys., Inc.*, 1992 U.S.Dist. LEXIS 3253 at *4 (D.Del. March 10, 1992).

"By adopting section §1447(d) and its statutory predecessors, Congress sought to make the judgment of a district court remanding a case final and conclusive in order to avoid the delay caused by appellate review of remand decisions." *Liberty Mutual, supra* at 746. Clearly, in the present instance, Appellant continues her pattern of frivolous pleadings in order to stave off the pending foreclosure of her home. By affording appellate review of this matter, the Court would simply be indulging the Appellant's penchant for delaying the legal process.

The written Memorandum Opinion issued by this Court on March 31, 2005, specifically states "The Court has reviewed the allegations of Plaintiff's Complaint and concludes that all of Plaintiff's allegations are based on state law, and further, the pleadings do not involve a federal question or arise under the Constitution or statutes of the United States." Eastern submits that the Final Order Granting Motion to Remand to the Superior Court of Delaware in and for New Castle County" is not subject to review by the United States Court of Appeals for the Third Circuit. Accordingly, the Court of Appeals will have no choice but to deny review of this matter and return it to the Superior Court of Delaware in accordance with the terms of the Final Order. Eastern submits that

---

be untangled and a determination made that the matter was remanded for a substantive rather than procedural reason can there be Appellate Review of a remand order.

this Court should deny the Appellant's request for stay of the proceedings pending her frivolous appeal.

  (b)  *Any irreparable injury suffered by the Appellant is at her own hands.*

Despite her contentions to the contrary, Eastern submits that Appellant will not suffer any injury if this court denies her a stay pending appeal. As noted above, the Appellate Division cannot review this matter pursuant to 28 U.S.C. §1447(c) and (d). Further, Eastern submits that any harm suffered by Appellant is at her own hands. Appellant has willfully failed and refused to make payments on a Note and Mortgage executed by her. The Superior Court Judge has considered over the course of the foreclosure proceedings, each of the Appellant's allegations of TILA violations and found them to be without merit.

  (c)  *Issuance of a stay pending appeal will substantially injure Eastern.*

Eastern and Appellant are parties to a Note and Mortgage. Under the terms of these documents, Eastern loaned Appellant a substantial sum of money to refinance the subject property. In exchange for this loan, Appellant granted Eastern a lien upon the Property. Eastern lived up to its end of the providing the funds for Appellant's refinance. By contrast, Appellant has from the inception of this obligation, defaulted under its terms by failing to make even one (1) payment thereunder.

While Appellant continues to reside in the subject property despite the fact that she has not made a single mortgage payment since 2001, Eastern has suffered. Appellant has not made one effort to repay the obligation to Eastern. In an effort to recoup some of its loss, Eastern commenced a foreclosure action. After exhausting all efforts in the State

Court[4], Appellant attempted to remove this matter to the District Court. Appellant's goal, it would seem, is to reside in her property free and clear of all obligations thereon. Simply put, she desires for this Court to conclude that Eastern should pay for her to reside in her property.

    (d)    *Public interest weighs heavily in favor of denying the instant application for stay pending appeal.*

There is no doubt that public policy favors denying Appellant's instant application. The issues raised on appeal by the Appellant have been fully litigated in the State Court. Appellant does not raise any new or novel issues in her appeal. Appellant's conduct constitutes nothing more than an abuse of the legal system. This Court should proscribe this conduct, which not only is a burden on Court resources, but also has no chance of possible success.

*{Remainder of Page Intentionally Blank}*

---

[4] Appellant has taken no further action in the State Court. Appellee surmises that this is because Appellant will be eligible to reapply for the reinstatement of her license to practice law in July 2005 and does not want the Supreme Court of Delaware to know of her abusive conduct in this matter.

## CONCLUSION

Based on the foregoing, Eastern Savings Bank respectfully submits that this Honorable Court deny Appellant's Motion to Stay All State Court Proceedings or, in the Alternative, Motion to Grant Injunctive Relief Requested in Civil Action Number 04-347-JJF.

RESPECTFULLY SUBMITTED,

FARR, BURKE, GAMBACORTA & WRIGHT
A Professional Corporation
Attorneys for Plaintiff Eastern Savings Bank, a Federal Savings Bank


/s/ *John R. Weaver, Jr., Esquire*
John R. Weaver, Jr., Esquire (DE Bar Id. 911)
831 N. Tatnall Street, Suite 201
Wilmington, Delaware 19899
Telephone: (302) 428-1077
Facsimile: (302) 656-8920

And

Laura M. Egerman, Esquire (NJ Bar Id. LE8250)
Farr, Burke, Gambacorta & Wright
A Professional Corporation
211 Benigno Boulevard
Suite 201
Bellmawr, New Jersey 08099
Telephone: (856) 931-1030
Facsimile: (856) 931-3940