APS-276                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2410

IN RE: CAROLINE P. AYRES-FOUNTAIN

Petitioner

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. Civ. No. 04-cv-347) SSF

Submitted Under Rule 21, Fed. R. App. P.
JUNE 16, 2005

Before: SLOVITER, NYGAARD AND FUENTES, Circuit Judges.

(Filed June 28, 2005)

OPINION

PER CURIAM

Caroline P. Ayres-Fountain has filed a mandamus petition requesting that we order the District Court to (1) vacate its remand order; (2) rule on her motion to amend her notice of removal; (3) order the state proceedings stayed; and (4) hold an evidentiary hearing. Ayres-Fountain had filed a notice of removal from a state court action filed against her by Eastern Savings Bank. The District Court granted Eastern Saving's motion

to remand.

The writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. United States District Court, 426 U.S. 394, 403 (1976). An order remanding a case to state court is not reviewable on appeal or otherwise unless the case was removed pursuant to 28 U.S.C. § 1443. 28 U.S.C. § 1447(d).

Here, Ayres-Fountain stated in her notice of removal that the case was being removed pursuant to 28 U.S.C. §§ 1441 & 1446. Thus, we may not review the District Court's order remanding the case to state court or order the District Court to hold an evidentiary hearing. With respect to her request that we order the District Court to stay the state court proceedings, that request is barred by the Anti-Injunction Act. See 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). In her motion to amend her notice of removal, Ayres-Fountain argued that Eastern Savings was a Federal Savings Bank. Because the District Court explicitly considered this argument, we conclude that Ayres-Fountain has no clear and indisputable right to have the District Court rule on her motion to amend her notice of removal.

For the above reasons, we will deny the petition for a writ of mandamus.